UNITED STATES of America,
Plaintiff-Appellee,

v.

Carson William MATUTE-RANKIN,
a.k.a. Aparicio Matute, Defendant-
Appellant.

No. 16-14683
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

Filed November 2, 2017

Yvette Rhodes, Arthur Lee Bentley, III, James C. Preston, U.S. Attorney's Office, Tampa, FL, for Plaintiff-Appellee

Carson William Matute-Rankin, Pro Se

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Carson William Matute-Rankin appeals the order that reduced his sentence based on his substantial assistance to the government. Fed. R. Crim. P. 35(b). Matute-Rankin argues that the government breached its plea agreement by moving for a four-level departure instead of requesting a greater reduction of his sentence based on the "[t]he terms of [a] third party agreement." We affirm.

As a general rule, a ruling on a motion to reduce based on substantial assistance under Federal Rule of Criminal Procedure 35(b) is a discretionary decision not subject to appellate review. *United States v. Ma-*

*nella,* 86 F.3d 201, 203 (11th Cir. 1996). Matute-Rankin does not challenge the decision that granted him a reduction; he contends instead that the government violated its agreement to award a greater reduction. And we have jurisdiction to review whether the government breached its plea agreement. *See* 18 U.S.C. § 3742(a)(1). We review that issue *de novo. United States v. Hunter,* 835 F.3d 1320, 1324 (11th Cir. 2016).

The government did not breach its agreement with Matute-Rankin. The plea agreement provided that the government would "consider whether [Matute-Rankin's] cooperation qualifies as 'substantial assistance' ... that warrant[s] the filing of a motion for a reduction of sentence ... pursuant to Fed. R. Crim. P. 35(b)." In the written agreement and during his change of plea hearing, Matute-Rankin acknowledged "that the determination as to whether 'substantial assistance' has been provided or what type of motion ... will be filed, if any, rests with the United States Attorney for the Middle District of Florida"; that the plea agreement "constituted the entire agreement between the government and [him] ... and no other promises, agreements, or representations exist[ed] or ha[d] been made ... with regard to such guilty plea"; and that no one had promised him "anything differently in order to get [him] to plead guilty." *See United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). Later, the government complied with its obligation to consider Matute-Rankin's assistance and moved for him to receive a four-level departure based on information that he provided about a hidden compartment in a vessel and the transportation of cocaine concealed on another vessel. On the recommendation of the government, the district

court reduced Matute-Rankin's sentence from 292 months to 188 months.

Matute-Rankin failed to prove there was a supplemental agreement. Matute-Rankin moved for a further reduction of his sentence and alleged that "[t]he terms of [a] third party agreement" guaranteed specific reductions in his sentence in exchange for certain inculpatory information. But he produced no third-party agreement for the district court to review.

In his motion for leave to supplement the record, Matute-Rankin asked the district court "to look to the plea agreement itself, to determine if the government actually promised to give [him] certain amounts of departure based on the extent of his cooperation[ ] (i.e., 5 years for each go-fast boat and crew), and additional departures based on each individuals [sic] role or position within the conspiracy." But the plea agreement contained a promise by the government to consider Matute-Rankin's cooperation; it did not require that the government make any specific recommendation regarding the amount of reduction, if any, that it might seek on his behalf. *See United States v. McNeese*, 547 F.3d 1307, 1308 (11th Cir. 2008) (Rule 35(b) "gives the government 'a power, not a duty, to file a motion when a defendant has substantially assisted.'"). Matute-Rankin attaches to his brief his unsigned affidavit and a letter written by his son that purportedly recount agreements they each entered to reduce Matute-Rankin's sentence, but we do not consider exhibits attached to a brief that were not presented to the district court. *See United States v. Cross*, 928 F.2d 1030, 1053 (11th Cir. 1991) ("This court cannot consider a claim that rests on factual allegations outside the record which the district court has never considered."); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) ("[N]ew evidence is not properly before the court [when] it is merely attached as an appendix to [the appellant's] brief.").

The determination whether to file a motion to reduce and the extent of the reduction requested "is reserved to the government," *United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998). Although "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce," *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), Matute-Rankin did not allege, much less prove, that the failure of the government to recommend a greater reduction was attributable to "a constitutionally impermissible motivation," *see United States v. Forney*, 9 F.3d 1492, 1502 (11th Cir. 1993).

We **AFFIRM** the order that reduced Matute-Rankin's sentence based on his substantial assistance.